UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JIMMY JACOBS,

                                 Petitioner,

                -against-

WILLIAM CONNOLLY,

                                 Respondent.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-5141 (SLT)

**TOWNES, United States District Judge:**

Currently before the Court is Petitioner Jimmy Jacobs's *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 conviction, after a jury trial, in the New York Supreme Court, Queens County, of two counts of criminal possession of a weapon in the third degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree. Petitioner alleges that his due process rights were violated because: (1) the prosecution violated its obligations under *People v. Rosario*, 9 N.Y.2d 286 (1961) and *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the evidence supporting his conviction was legally insufficient; and (3) his conviction and sentence for third degree criminal possession of a weapon under Penal Law § 265.02(4) was unconstitutional because the statute under which he was indicted was superseded before entry of judgment. For the reasons set forth below, the petition is denied in its entirety.

*BACKGROUND*

*Underlying Criminal Case*

In the early morning of March 17, 2005, Petitioner allegedly threatened his ex-girlfriend, Andrea Simmons, via voicemail, allegedly stating: "I am going to get you. I am going to get everyone." (T: 250-51.) Around 6:20 P.M. that evening, Petitioner, wearing black clothing and a white gauze eye patch, approached Simmons and her daughter in front of their home; Simmons

1

and her daughter ran to their car and fled. (*Id.* at 252-58.) Simmons reported Petitioner to the police by calling 911 and visiting her local precinct. (*Id.* at 258-59.) At approximately 6:30 P.M., in Simmons's neighborhood, Petitioner allegedly approached a stranger, Pauline Holness, took her car keys from her at gunpoint, and drove away in her green Volvo. (*Id.* at 442-46.) Holness reported the robbery to the police and provided a description of the culprit. (*Id.* at 447-48.) Approximately eight hours later, police officer Brenden Cessar stopped Petitioner, who was driving another vehicle, because Petitioner matched the description provided by Ms. Simmons in her police report. (*Id.* at 548-51.) After searching Petitioner and the automobile, Officer Cessar recovered the keys to Holness's Volvo, which was parked 100 feet away. (*Id.* at 561.) Officer Cessar then searched Holness' vehicle and found a black handgun in the glove compartment and Jacobs' New York State driver's license underneath the front passenger seat. (*Id.* at 560, 574.)

***The Trial & Verdict***

On these facts, Petitioner was indicted and tried before a jury with crimes involving robbery, possession of a weapon, and possession of stolen property. Because the prosecution failed to produce the handwritten notes made by the police officer to whom Simmons initially described Petitioner and the incident that occurred outside of her home, the trial court provided the jury with an adverse inference instruction. The court instructed the jury that the prosecution's failure to produce the notes "may have impaired the ability of defense counsel to cross examine Ms Simmons." (T: 619-20; 690-91.) Defense counsel did not object to this instruction nor raise any further claims with respect to the *Rosario* or *Brady* material. (*Id.*)

At the conclusion of trial, the jury convicted Petitioner of Criminal Possession of Stolen Property in the Third and Fourth Degrees (Penal Law §§ 1650.45, 1650.50) and two counts of

2

Criminal Possession of a Weapon in the Third Degree (Penal Law §§ 265.02(1), (4)).[1] (*Id.* at 809-12.) On February 8, 2007, Petitioner was sentenced as a second violent felony offender to a determinate sentence of 7 years in prison, plus 5 years of post-release supervision. (Sentencing T: 2-9.)

*Direct Appeals*

On June 21, 2008, Petitioner, represented by counsel, filed a direct appeal with the New York Supreme Court, Appellate Division, Second Department, arguing that his conviction was not based on legally sufficient evidence. (Resp. Ex. 1 at 30-45.) Additionally, Petitioner filed a supplemental *pro se* brief, asserting that: "[t]he prosecution[']s falure [*sic*] to disclose important Rosario and Brady material, in a timely fashion, deprived the appellant's right to a fair trial, affective [*sic*] counsel and due process." (*Id.* at 47-66.) On March 2, 2010, the Appellate Division unanimously affirmed Petitioner's conviction, finding Petitioner's legal sufficiency challenge and supplemental *pro se* claims based on alleged violations of *Rosario* and *Brady* procedurally barred because those claims were unpreserved for appellate review. *People v. Jacobs*, 894 N.Y.S.2d 908 (App. Div. 2d Dep't 2010). The Appellate Division noted that, alternatively, none of Petitioner's claims had merit. *Id.*

On March 9, 2010, Petitioner sought leave to further appeal to the New York Court of Appeals. (Resp. Ex. 1 at 167-219.) On May 27, 2010, the New York Court of Appeals denied petitioner's application. *People v. Jacobs*, 14 N.Y.3d 888 (2010).

*Petitioner's New York Criminal Procedure Law ("CPL") § 440.20 Motion to Set Aside the Sentence*

On December 1, 2010, Petitioner moved *pro se* before the New York Supreme Court, Queens County, to set aside his sentence, pursuant to CPL § 440.20 on the grounds that, *inter*

---

[1] The jury acquitted Petitioner of first-degree robbery, second-degree robbery, second-degree weapon possession, and second-degree aggravated harassment. (T: 809-11).

3

*alia*, "his conviction for Criminal Possession of a Weapon in the Third Degree Penal Law § 265.02(4) was unauthorized because the statute had been repealed prior to his conviction." (Resp. Ex. 1 at 227-32.) By order dated January 20, 2011, the trial court denied Petitioner's motion, finding, *inter alia*, that because Petitioner "was indicted in 2005, and the statute was not superseded until 2006," Petitioner "was indicted, convicted and sentenced under the correct statute." (*Id.* at 255-58.) The trial court explained that, in any event, the statute was not repealed, but rather, superseded and "the purpose of superseding the statute was not ameliorative, but, rather, to punish the same conduct more harshly by raising the classification of the crime from a [class] D violent felony to a [class] C violent felony." (*Id.* at 257-58.) The New York Supreme Court, Appellate Division, Second Department denied Petitioner's application for leave to appeal. (*Id.* at 302.)[2]

### *The Instant Petition*

Petitioner timely filed the instant petition for a writ of habeas corpus on September 29, 2011, arguing that his constitutional due process rights were violated because: (1) the prosecution failed to meet its *Rosario* and *Brady* obligations, (Pet. at 6); (2) the evidence as to Petitioner's knowledge that he possessed stolen property and/or a weapon was legally insufficient (Pet. at 9); and (3) one of the statutes under which he was convicted and sentenced – Penal Law §§ 265.02(4) – was "repealed" before trial, (Pet. at 7).

---

[2] Although not relevant here, Petitioner also filed a *pro se* motion with the trial court pursuant to CPL § 440.10 on June 10, 2008, asserting that there was no probable cause to support the police stop because the police had an improper vehicle identification number for the stolen Volvo. (Resp. Ex. 1 at 2-13.) On September 15, 2008, the Queens County Supreme Court denied the motion on the grounds that the argument could have been, but was not, raised on direct appeal and was thus procedurally barred under CPL § 440.10(2)(c), and was in any event meritless because it was not based on newly discovered evidence, but rather, was founded upon information that could have been discovered prior to trial with due diligence. (*Id.* at 27-28.)

4

## STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.104–132, 110 Stat. 1214, 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A federal district court may grant a writ of *habeas corpus* to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Errors of state law are thus not subject to federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"). Rather, petitioners must demonstrate that their convictions resulted from a state court decision that violated federal law. *See id.* at 68. Petitioners bear the burden of proving such violations of federal law by a preponderance of the evidence. *See Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997).

## DISCUSSION

### A. Procedurally Defaulted Claims

As the Supreme Court has set forth, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the

5

integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). For this reason, the doctrine of procedural default precludes federal review of "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.* Procedurally defaulted claims may not be heard unless the petitioner demonstrates "cause for the default and prejudice from a violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The procedural bar applies even if the state court addressed the merits of the claim in the alternative. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990); *see also Angeles v. Greiner*, 267 F. Supp. 2d 410, 416 (E.D.N.Y. 2003). Thus, a state-law based procedural bar precludes a federal court from reviewing the merits of such claims on a habeas petition.

Here, Petitioner raised his first two grounds for habeas relief before the New York Supreme Court, Appellate Division, Second Department. The Appellate Division found that Petitioner's *pro se* claims that "he was deprived of a fair trial by the People's failure to provide him with certain materials in violation of [*Rosario*] and by the People's delay in disclosing *Brady* material" were "unpreserved for appellate review, since the defendant did not seek any further relief in connection with the *Rosario* violation after the Supreme Court granted his request for an adverse inference charge, and did not raise his current claim regarding the alleged *Brady* violation." *People v. Jacobs*, 894 N.Y.S.2d 908 (App. Div. 2d Dep't 2010). Likewise, with respect to Petitioner's "challenge to the legal sufficiency of the evidence," the Appellate Division found that claim was "unpreserved for appellate review." *Id.* Given that the Appellate Division denied the claims on state procedural grounds and Petitioner makes no attempt to argue that an exception to the procedural bar doctrine applies, this Court holds that the first two grounds raised in his petition are procedurally barred. It would offend principles of comity and

federalism for this Court to grant habeas review of Petitioner's procedurally barred claims, and accordingly, review of those claims is DENIED.

### B. Sentence Under a Superseded Statute

Petitioner's final ground for habeas relief is based on his claim that his conviction and sentence for third degree possession of a weapon under Penal Law § 265.02(4) violated his right to due process because the statute was repealed after he was indicted but before he was convicted and sentenced. The version of Penal Law § 265.02(4) in effect when Petitioner committed the charged offense made punishable the unlawful possession of a loaded firearm as a class D violent felony. That statute was repealed, effective November 1, 2006, and was superseded by Penal Law § 265.03(3), which punished the same behavior as a class C violent felony.

"At common law, the repeal of a criminal statute abated all prosecutions which had not reached final disposition in the highest court authorized to review them." *Bradley v. United States*, 410 U.S. 605, 607-08 (1973). So-called "abatement by repeal" applied even when a statute was "re-enact[ed] with different penalties ... [and] even when the penalty was reduced." *Id.* However, application of the 'abatement by repeal' doctrine, which has its roots in English law, "proved particularly problematic because of the interplay of the Constitution's *ex post facto* clauses. If legislation amended, repealed, or re-enacted previous legislation ..., conviction under the old statute was prohibited under the abatement doctrine, while conviction under the new statute, if it increased punishment, was barred by the *ex post facto* clauses." *United States v. Santana*, 761 F. Supp. 2d 131, 143 (S.D.N.Y. 2011) (internal citations and quotation marks omitted). "To avoid such results, legislatures frequently indicated an intention not to abate pending prosecutions by including in the repealing statute a specific clause stating that prosecutions of offenses under the repealed statute were not to be abated." *Bradley*, 410 U.S. at

7

608. Moreover, many state legislatures, including New York's, enacted "general savings legislation that would apply, in varying ways, to laws that repealed, amended, or re-enacted previous legislation, the result of which was to shift the presumption towards non-abatement in the absence of contrary legislative intention." *Santana*, 761 F. Supp. 2d at 143. New York General Construction Law § 93 provides that:

> The repeal of a statute or part thereof shall not affect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected.

N.Y. Gen. Constr. Law § 93. Similarly, New York General Construction Law § 94 provides that:

> Unless otherwise specially provided by law, all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed.

N.Y. Gen. Constr. Law § 94.

Petitioner is correct that the federal constitution does not permit a person to be criminally prosecuted in the absence of a law prohibiting his or her conduct. *See Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972) (explaining that prohibitions must be "clearly defined ... because we assume that man is free to steer between lawful and unlawful conduct ... [and laws must] give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly," and, moreover, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them [to avoid] ... impermissibly delegate[ing] basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis...."). However, Petitioner is incorrect, as a factual matter, in his assertion that his conviction and sentence under former Penal Law §

8

265.02(4) was not authorized by the state legislature. New York's general savings legislation authorizes a pending criminal matter to be "prosecuted and defended to final effect" irrespective of a post-indictment repeal. N.Y. Gen. Constr. Law § 94. Thus, Petitioner was prosecuted under applicable law. Had Petitioner been prosecuted under the superseding statute, this would have *increased* the penalty for unlawfully possessing a firearm and such a prosecution would have violated the *ex post facto* clause of the United States Constitution. *See* U.S. Const., art. I, § 10. However, prosecution under the statute applicable at the time that the "offense [was] committed" was authorized by the New York legislature, and thus, did not violate his right to due process. N.Y. Gen. Constr. Law § 93. Accordingly, because Petitioner's federal constitutional rights were not violated, his habeas petition on these grounds is DENIED.

## CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 11213 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED**.

/s/ Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: December 30, 2014
Brooklyn, New York